UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 24-cv-21432-ALTMAN/Strauss

**EDUARDO CARRERA**,

    *Plaintiff*,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    *Defendant*.

_____/

**ORDER GRANTING PETITIONER'S UNOPPOSED
MOTION FOR AUTHORIZATION OF AN ATTORNEY FEE**

Our Petitioner, Heather Freeman (the Plaintiff's lawyer), has moved, "pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) for authorization of [a payment of] a gross attorney fee of $18,186.25, representing 25% of the past due benefits for the claim, with instructions for the agency to process a net attorney fee of $15,936.05 from Plaintiff's past due benefits." Unopposed Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act (the "Motion") [ECF No. 21] at 1.[1] After careful review of the Motion—and having independently reviewed the character of Freeman's representations and the subsequent results—we now **GRANT** the Petition.

**THE FACTS**

Our Plaintiff, Eduardo Carrera, retained the Law Office of Heather Freeman, PLLC (the "Law Firm"), on May 2, 2024, to represent him and his "beneficiaries entitled to benefits under the Social Security Act in a civil action." Social Security Contingent Fee Contract (the "Agreement") [ECF No. 21-1] ¶ 1. Under that Agreement, "[a]n attorney who successfully represents a Social Security

---

[1] The Social Security Commissioner "neither supports nor opposes" the Motion. *See* Mot. at 7.

benefits claimant . . . may be awarded . . . 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* ¶ 3 (quoting 42 U.S.C. § 406(b)(1)(A)). Carrera agreed that his "attorney may also seek payment of an attorney fee pursuant to the provisions of the Equal Access to Justice Act ('EAJA')" and assigned his rights under the EAJA to his attorneys, authorizing "any fee awarded under the EAJA to be paid directly to [Freeman or her designee]." *Id.* ¶¶ 7–8.

On April 17, 2024, Carrera filed his Complaint for Review of Denial of Social Security Benefits ("the Complaint") [ECF No. 1]. On July 2, 2024, the Commissioner filed an Unopposed Motion to Remand (the "Motion to Remand") [ECF No. 16], asking us to "enter a judgment with reversal and remand of this civil action to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)." Motion to Remand at 1. That same day we granted the Motion to Remand and remanded the case to the Commissioner for further action. *See generally* Order for Entry of Judgment Under 42 U.S.C. § 405(g) [ECF No. 17]; Final Judgment [ECF No. 18]. Following that remand, "a fully favorable decision [for Carrera] was issued by an Administrative Law Judge and became the Commissioner's final decision." Mot. at 2. The Social Security Administration issued a Notice of Award to Plaintiff on January 13, 2026, which was provided to Petitioner on January 20, 2026. *See* Mot. at 2–3; *see also* Social Security Administration's Notice of Award ("Notice of Award") [ECF No. 21-2].

On July 9, 2024, Carrera filed an Unopposed Motion for Attorney Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [ECF No. 19], which we granted, awarding Carrera's attorneys' fees in the amount of $2,250.20. *See* Order Granting Plaintiff's Unopposed Motion for Attorney's Fees [ECF No. 20]. Freeman now asks that we either "authorize the agency to pay the gross authorized fee [of $18,186.25] to [Freeman] and instruct [Freeman] to then refund the EAJA fee amount [of $2,250.20] to [Carrera] upon receipt of the agency's funds, or . . . order the disbursement

2

of a net § 406(b) fee [of $15,936.05] by authorizing the agency to pay the amount equivalent to the gross fee less . . . the EAJA attorney fee." Mot. at 6–7.

## THE LAW

As relevant here, federal law provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A); *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) ("[Section] 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."). But a lawyer may not "charge[ ], demand[ ], receive[ ], or collect[ ] for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court." 42 U.S.C. § 406(b)(2). According to the Supreme Court, "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002); *see also Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (noting that, while contingency-fee agreements are "presumptively reasonable, . . . 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases" (quoting *Gisbrecht*, 535 U.S. at 807)); *Abner v. O'Malley*, 2024 WL 69904, at *2 (M.D. Ala. Jan. 5, 2024) (Adams, Mag. J.) ("To receive a fee under [§ 406(b)], an attorney must seek court approval of the proposed fee, even when there is a fee agreement between the attorney and the client."). Courts approach fee determinations "by looking first to the contingent-fee agreement" for reasonableness,

3

and then assessing "the character of the representation," the results achieved, whether the attorney delayed the proceedings and would thus "profit from the accumulation of benefits during the pendency of the case in court," and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Finally, "[w]here EAJA fees have already been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must be repaid to the claimant *or* offset from the fees received under § 406(b)." *Abner*, 2024 WL 69904, at *2 (citing *Gisbrecht*, 535 U.S. at 796 (emphasis added)); *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may *choose* to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." (emphasis added)).

## ANALYSIS

Freeman seeks $18,186.25 in attorneys' fees—or 25% of Carrera's past-due benefits—as permitted under *both* 42 U.S.C. § 406(b) *and* her Agreement with Carrera. *See* Mot. at 1, 3; *see also* Agreement at 1. The Commissioner doesn't object to this fee request. Mot. at 7. And that's because the fee request is fair. Freeman timely filed the Motion within a reasonable time after she received the Notice of Award on January 20, 2026. *See id.* at 2−3. The requested fee is reasonable given the contingency-fee agreement the lawyers signed with the Plaintiff and the favorable decision Carrera received, including an award of "$72,745.00 in past-due benefits and ongoing benefits (monetary and Medicare)." *Id.* at 5; *see also* Notice of Award. And there's no evidence that Freeman delayed the proceedings and would thus "profit from the accumulation of benefits." *See Gisbrecht*, 535 U.S. at 808. Although Freeman requests a substantial fee for the 9.2 billable hours she spent representing the Plaintiff, Freeman asserts (and no one disputes) that she "significantly expedited this matter by providing initial contentions of error to the Defendant before undertaking a full briefing . . . resulting

4

in the Defendant's Motion to [R]emand." Mot. at 5. We therefore conclude that a 25% payment (for a total of $18,186.25) is fair and reasonable compensation for Freeman's impressive service to Carrera in this case. *See, e.g.*, *Watterson v. Astrue*, 2008 WL 783634, at *2–3 (M.D. Fla. Mar. 21, 2008) (Snyder, Mag. J.) (finding a $28,767.10 fee reasonable for 26.4 hours of work in a similar Social Security case because of the contingency percentage the attorneys and client had negotiated, the quality of the representation, and the lack of delays caused by the attorneys); *Pereau v. Comm'r of Soc. Sec.*, 2023 WL 3765000, at *2–3 (S.D. Fla. Apr. 6, 2023) (Otazo-Reyes, Mag. J.), *report and recommendation adopted*, 2023 WL 3750757 (S.D. Fla. June 1, 2023) (Martinez, J.) (finding a $15,000 fee reasonable for 30.5 hours of work); *Sanchez v. Kijakazi*, 2021 WL 5088839, at *2 (S.D. Fla. Sept. 29, 2021) (Becerra, Mag. J.), *report and recommendation adopted*, 2021 WL 5085435 (S.D. Fla. Nov. 1, 2021) (Moore, J.) (finding $25,970.40 reasonable for 30.8 hours of work).

We therefore **ORDER and ADJUDGE** as follows:

1. The Unopposed Motion for Authorization of an Attorney Fee Under Section 206(b)(1) of the Social Security Act [ECF No. 21] is **GRANTED**.

2. Upon a determination that Carrera owes no qualifying, preexisting debts to the Government, the Commissioner must pay Attorney Heather Freeman **$18,186.25** from Carrera's withheld, past-due Social Security benefits. Freeman must then refund to Carrera the **$2,250.20** in EAJA fees she previously received.

3. This case remains **CLOSED**. All pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on March 2, 2026.

_____
**ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE**

cc: counsel of record